# NO. 20-1681

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

Neal Bissonnette, Individually and on behalf of all others similarly situated,
Tyler Wojnarowski, Individually and on behalf of all others similarly situated,

*Plaintiffs-Appellants*,

v.

LePage Bakeries Park St., LLC,
C.K. Sales Co., LLC,
Flowers Foods, Inc.,

*Defendants-Appellees*.

On appeal from an order and judgment of the
United States District Court for the District of Connecticut,
Civil Action No. 3:19-cv-00965 (KAD)

**PLAINTIFFS-APPELLANTS' PETITION FOR REHEARING OR FOR
REHEARING EN BANC**

Harold L. Lichten, Esq.
Matthew Thomson, Esq.
Zachary L. Rubin, Esq.
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
hlichten@llrlaw.com
mthomson@llrlaw.com
zrubin@llrlaw.com
Attorneys for *Plaintiff-Appellants*

# TABLE OF CONTENTS

**RULE 35(b) STATEMENT OF RATIONALE  FOR GRANTING EN BANC REVIEW** ..................................................................................5

**STANDARD OF REVIEW** ..........................................................................8

**ARGUMENT** ..............................................................................................9

**I.     Summary of the Record and the Panel's Decision**...........................9

**II.     The Panel's Decision Compelling Plaintiffs' Claims to Arbitration Warrants En Banc Review** ................................................................12

      A.     The Panel's Interpretation of the Worker Exemption from the FAA Conflicts with the Supreme Court's Decision in Southwest Airlines Co. v. Saxon ...............................................12

      B.     Even without the Benefit of Saxon, the Panel's Decision Created an Intercircuit conflict Requiring *En Banc* Review ....15

      C.     There Were No Facts in the Record Supporting the Panel's Finding Regarding the Nature of Defendants' Business ..........17

**CONCLUSION**........................................................................................18

**CERTIFICATE OF COMPLIANCE** .....................................................20

**CERTIFICATE OF SERVICE** ..............................................................21

# TABLE OF AUTHORITIES

## CASES

Bissonnette v. LePage Bakeries Park St., LLC
    33 F.4th (2d Cir. 2022) ........................................................... passim

Canales v. Lepage Bakeries Park St. LLC
    2022 WL 952130 (D. Mass. Mar. 30, 2022) ........................................... 7, 16

Circuit City Stores, Circuit City Stores, Inc. v. Adams
    532 U.S. 105 (2001).........................................................................10

Eastus v. ISS Facility Services, Inc.
    960 F.3d 207 (5th Cir. 2020) ..........................................................10

Huddleston v. Dwyer
    322 U.S. 232 (1944)...........................................................................8

Int'l Broth. of Teamsters Loc. Union No. 50 v. Kienstra Precast, LLC
    702 F.3d 954 (7th Cir. 2012) ..................................................... 11, 15

Islam v. Lyft, Inc.
    524 F. Supp. 3d 338 (S.D.N.Y. 2021) ...............................................7

Kibadeaux v. Standard Dredging Co.
    81 F.2d 670 (5th Cir. 1936) ............................................................14

Kowalewski v. Samandarov
    590 F. Supp. 2d 477 (S.D.N.Y. 2008) ..................................... 12, 15

Lenz v. Yellow Transp., Inc.
    431 F.3d 348 (8th Cir. 2005) ..........................................................15

Loc. 50, Bakery & Confectionery Workers, Intern Union of Am., AFL v. Gen.
    Baking Co
    97 F. Supp. 73 (S.D.N.Y. 1951) ....................................................16

New Prime Inc. v. Oliveira
    139 S. Ct. 532 (2019).........................................................................7

Rittmann v. Amazon.com, Inc.
    971 F.3d 904 (9th Cir. 2020) ............................................................7

Saxon v. Sw. Airlines Co.
    993 F.3d 492 (7th Cir. 2021) ..........................................................15

Smith v. Allstate Power Vac, Inc.
    482 F. Supp. 3d 40 (E.D.N.Y. 2020)................................................7

Sw. Airlines Co. v. Saxon
    142 S. Ct. 1103 (2022)........................................................................ passim

Waithaka v. Amazon.com, Inc.
    966 F.3d 10 (1st Cir. 2020)...................................................... 7, 16

**STATUTES**

9 U.S.C. § 1 ............................................................................................9

**RULES**

Fed. R. App. P. 26................................................................................5

Fed. R. App. P. 35.............................................................................6, 8

## RULE 35(B) STATEMENT OF RATIONALE
## FOR GRANTING EN BANC REVIEW

In light of the decision of the Supreme Court in <u>Southwest Airlines v. Saxon</u> issued on June 6, 2022, which directly conflicts with the holding of the Panel in this case, Plaintiffs-Appellants respectfully request rehearing *en banc* to review the Panel's holding that the Plaintiffs - individuals who work full-time driving commercial trucks and delivering bakery products within the flow of interstate commerce - are not transportation workers exempt from the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA"). <u>See</u> <u>Sw. Airlines Co. v. Saxon</u>, --- S.Ct. ---, No. 21-309, 2022 WL 1914099 (U.S. June 6, 2022). Alternatively, Plaintiffs-Appellants suggest that rehearing by the Panel is appropriate given the intervening decision from the Supreme Court in <u>Saxon</u>, which was decided before the mandate issued in this case.

Specifically, rehearing is required because the Panel's interpretation of the exemption to Section 1 of the FAA now conflicts with that articulated in <u>Saxon</u>. <u>See</u> <u>Saxon</u>, 2022 WL 1914099, at *4.[1] The Panel here held that regardless of the actual work performed by an individual, he or she is not exempt from the FAA

---

[1] The <u>Saxon</u> decision was issued on June 6, 2022, approximately one month after the Panel's Opinion. On May 16, 2022, the Court granted Plaintiff-Appellants' motion to extend the deadline to file their petition for rehearing to June 20, 2022; given that June 20 is an observed federal holiday, Plaintiffs-Appellants are submitting this Petition on June 21, 2022. <u>See</u> Fed. R. App. P. 26.

unless the work is performed for a business in the "transportation industry," such as a trucking company that "pegs its charged chiefly to the movement of goods." Bissonnette v. LePage Bakeries Park St., LLC, 33 F.4th 650, 656 (2d Cir. 2022). But just a few weeks later, in Saxon, the Supreme Court held the opposite and rejected an industry-based approach to the Section 1 exemption, holding that a worker is engaged in interstate commerce based on "what [the worker] does, not what [her employer] does generally." Sw. Airlines Co. v. Saxon, --- S.Ct. ---, No. 21-309, 2022 WL 1914099, at *4 (U.S. June 6, 2022) (agreeing with the lower court's rejection of an "industrywide approach" to the Section 1 exemption). For that reason alone, rehearing or rehearing en banc is warranted.

Second, although the Panel did not have the benefit of the Supreme Court's Saxon decision at the time that it issued its Opinion, even without Saxon, rehearing en banc would be necessary. As outlined in Judge Pooler's well-reasoned dissent, the Panel decision also conflicts with the authoritative decisions of other United States Courts of Appeals that have addressed the issue, including the Seventh Circuit's decision in Saxon that was affirmed by the Supreme Court. See Fed. R. App. P. 35 (Committee Notes on Rules – 1998 Amendment) ("Intercircuit conflict is cited as one reason for asserting that a proceeding involves a question of 'exceptional importance.' …. [A]n en banc proceeding provides a safeguard against unnecessary intercircuit conflicts.").

Third, even if the Panel's industry-specific approach to the worker exemption were somehow permitted to stand post-Saxon, rehearing is appropriate in this case because there were no facts in the record from which the Panel could conclude that all Defendants – including C.K. Sales Co., LLC – operated within the "bakery industry," as opposed to the transportation industry, and additional discovery and factfinding would be necessary in order to support such a finding.

These errors are of paramount importance. The scope of the Section 1 exemption has been raised in numerous cases in recent years since New Prime v. Oliveira was decided by the Supreme Court in 2019, and given the clarifying holding in Saxon, it is essential that this Court grant rehearing to give itself an opportunity to consider its decision in light of recent Supreme Court precedent and to provide valuable guidance to district courts in this Circuit as they continue to confront this issue.[2]

---

[2]    See, e.g., Canales v. Lepage Bakeries Park St. LLC, 2022 WL 952130, at *5-*6 (D. Mass. Mar. 30, 2022) (holding that distributors who performed identical tasks to plaintiffs were transportation workers exempt from the FAA); Islam v. Lyft, Inc., 524 F. Supp. 3d 338 (S.D.N.Y. 2021); Smith v. Allstate Power Vac, Inc., 482 F. Supp. 3d 40, 46 (E.D.N.Y. 2020) (truck driver for waste removal company exempt from FAA); Rittmann v. Amazon.com, Inc., 971 F.3d 904, 917 (9th Cir. 2020) (delivery driver for online retailer exempt from FAA), cert. denied, —— U.S. ——, 141 S. Ct. 1374 (2021); Waithaka v. Amazon.com, Inc., 966 F.3d 10, 26 (1st Cir. 2020) (same), cert. denied, —— U.S. ——, 141 S. Ct. 2794 (2021), reh'g denied, —— U.S. ——, 141 S. Ct. 2886 (2021).

## STANDARD OF REVIEW

Under Federal Rule of Appellate Procedure 35, an *en banc* hearing is not favored and ordinarily will not be ordered *unless*:

(1) en banc consideration is necessary to secure or maintain uniformity of the court's decisions; or

(2) the proceeding involves a question of exceptional importance.

Fed. R. App. P. 35(a). Here, both conditions are satisfied. Given the recent decision in <u>Southwest Airlines v. Saxon</u>, there is direct conflict between the Panel's decision and a decision of the United States Supreme Court. In addition, the issue is one of exceptional importance because even without the benefit of <u>Saxon</u>, the Panel's decision created an intercircuit conflict. <u>See</u> Fed. R. App. P. 35 (Committee Notes on Rules – 1998 Amendment) ("Intercircuit conflict is cited as one reason for asserting that a proceeding involves a question of 'exceptional importance.'"). Moreover, given the intervening decision from the Supreme Court, a rehearing by the Panel is similarly necessary in order to avoid a conflict with Supreme Court precedent. <u>See</u> <u>generally</u> <u>Huddleston v. Dwyer</u>, 322 U.S. 232 (1944) (vacating Court of Appeals decision for failure to grant a rehearing based on a change in the law).

## ARGUMENT

### I.     Summary of the Record and the Panel's Decision

Plaintiffs are truck drivers who worked full time delivering breads and bakery products to supermarkets and other grocery stores for Defendants Lepage Bakeries, Flowers Foods, and CK Sales.  They all signed a so called "Distributor" Agreement with Defendant CK Sales that purports to govern their relationship.  As stated in the complaint, Distributors such as Plaintiffs "work at least forty hours per week delivering [] baked goods for defendants…."  JA17 at ¶ 33.[3] Specifically, the Plaintiffs and other distributors pick up bakery products from a warehouse "that have been delivered from one of Defendants' commercial bakery locations, and then transport those goods within the flow of interstate commerce by delivering them to various stores and retail locations." JA15 at ¶ 18.

The Panel held that despite Plaintiffs' full-time work delivering products in commercial, DOT-registered trucks, they are not exempt from the Federal Arbitration Act.  The Federal Arbitration Act exempts from its coverage "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce."  9 U.S.C. § 1.  The final category of

---

[3]     As noted in the Dissent, "the defendants offer no evidence to counter the complaint's allegations that the actual delivery of product constituted the lion's share of the plaintiffs' work."  Bissonnette v. LePage Bakeries Park St., LLC, 33 F.4th 650, 665 (2d Cir. 2022) (Pooler, J., dissenting).

"any other class of workers…" is referred to as the "residual clause."  The

Supreme Court has held that the residual clause does not exempt the contracts of

all employees, but only contracts involving "transportation workers." Circuit City

Stores, Inc. v. Adams, 532 U.S. 105, 109 (2001).

The Panel correctly observed that the classes of workers exempt from the

statute should be defined "by affinity" in reference to the two examples that the

FAA provides as exempt workers, i.e. "seamen" and "railroad employees."

Bissonnette v. LePage Bakeries Park St., LLC, 33 F.4th 650, 655 (2d Cir. 2022).

However, the Panel went on to hold, without the benefit of any court decision or

textual language supporting its interpretation, that "[t]hese examples are telling

because they locate the 'transportation worker' in the context of a *transportation*

*industry*." Id. 655.  As discussed below, the Supreme Court has now held in Saxon

that the terms "seamen" and "railroad employee" are *not* industry-specific or

industry-wide terms, rather the court must look to what the worker does, not what

industry the company is in.  See Sw. Airlines Co. v. Saxon, 2022 WL 1914099, at

*4.  In fact, Saxon expressly abrogated the Fifth Circuit's decision in Eastus, which

the Panel here relied on in reaching its conclusion. [4]  See Eastus v. ISS Facility

Services, Inc., 960 F.3d 207 (5th Cir. 2020); Saxon, 2022 WL 1914099, at *4.

---

[4]     The Panel relied upon Eastus for the "narrowing principle" that the
transportation worker exemption is limited and defined by the industry in which
the worker is employed.  Bissonnette v. LePage Bakeries Park St., LLC, 33 F.4th

10

Without citation to any authority, the Panel went on to hold that the residual clause is limited to only those individuals employed by a company that "pegs its charges chiefly to the movement of goods or passengers, and the industry's predominant source of commercial revenue is generated by that movement." Bissonnette v. LePage Bakeries Park St., LLC, 33 F.4th 650, 656 (2d Cir. 2022). Applying those facts here, the Panel held that the Plaintiffs in this case are merely employed in the "bakery industry," and because they work full-time moving the employer's baked goods (as opposed to the goods of a third-party), plaintiffs are not transportation workers exempt from the FAA.

Judge Pooler authored a thoughtful and well-reasoned dissent, pointing out that the majority's interpretation of the Section 1 exemption was "textually and precedentially baseless" and agreeing instead with the majority of Circuits that have held that "a trucker is a transportation worker regardless of whether he transports his employer's goods or the goods of a third party[.]" Bissonnette, 33 F.4th at 662 (Pooler, J., dissenting), quoting Int'l Broth. of Teamsters Loc. Union No. 50 v. Kienstra Precast, LLC, 702 F.3d 954, 957 (7th Cir. 2012). In a prescient observation, Judge Pooler noted that the central question for the transportation worker exemption is whether "the workers' principal daily tasks involve them in

---

at 655. This decision is no longer good law after Saxon. Saxon, 2022 WL 1914099, at *4.

11

the actual movement of goods through interstate commerce," and that the

exemption does not ask "for whom the worker undertakes her transportation

work." Bissonnette, 33 F.4th at 666. As discussed below, this is precisely what the

Supreme Court held in Saxon.

## II. The Panel's Decision Compelling Plaintiffs' Claims to Arbitration Warrants En Banc Review

### A. The Panel's Interpretation of the Worker Exemption from the FAA Conflicts with the Supreme Court's Decision in Southwest Airlines Co. v. Saxon

As discussed above, the Panel in this case was tasked with determining

whether Plaintiffs who worked full-time driving commercial trucks to deliver

commercial goods within the flow of interstate commerce were members of a

"class of workers engaged in foreign or interstate commerce." As Judge Pooler

observed in dissent, the "one area of clear common ground" among federal courts

addressing the Section 1 exemption is that commercial truck drivers are exempt

from the FAA. Bissonnette v. LePage Bakeries Park St., LLC, 33 F.4th at 662,

quoting Kowalewski v. Samandarov, 590 F. Supp. 2d 477, 482-83 (S.D.N.Y. 2008)

(collecting cases). The Panel disagreed and held that because Plaintiffs were

truckers for a bakery company, they were not exempt. The Panel's holding

conflicts with the recent decision in Saxon.

In Southwest Airlines v. Saxon, the Supreme Court considered whether a

"ramp supervisor" for Southwest Airlines belonged to a "class of workers engaged

12

in foreign or interstate commerce" that is exempt from the Federal Arbitration Act. The ramp supervisor's job responsibilities included supervising individuals who loaded and unloaded cargo from airplanes, as well as physically loading and unloading cargo on and off airplanes "on a frequent basis." Sw. Airlines Co. v. Saxon, 2022 WL 1914099, at *4. The Court held that "one who loads cargo on a plane bound for interstate transit is intimately involved with the commerce (*e.g.,* transportation) of that cargo," Sw. Airlines Co. v. Saxon, 2022 WL 1914099, at *6, and therefore "[w]orkers, like Saxon, who load cargo on and off airplanes belong to a "'class of workers in foreign or interstate commerce.'" Id.

In so holding, the Supreme Court emphasized two important points that directly overrule the Panel's decision in this case. First, the Supreme Court rejected an industry-specific approach to the transportation worker exemption. The Court observed that the term "any other class of workers engaged in foreign or interstate commerce" included in the exemption is interpreted by reference to the specific classes of "seamen" and "railroad employees" that precede it. Id. at *5. The Supreme Court held that in the very least, the term "seamen" is *not* an industry-based category, and generally includes "those who work on board a vessel"—not all those in the maritime industry. See id. at *7. Thus, the term

"seamen" did not support an industry-based approach to interpreting the residual clause of the Section 1 exemption.  See id.[5]

Second, the Supreme Court held that the FAA exemption speaks of "workers," which directs a court's attention to "the performance of work."  See id. at *4.  The FAA also emphasizes "the actual work that the members of the class, as a whole, typically carry out."  Id.  Thus, the Supreme Court held that an individual "is therefore a member of a 'class of workers' [engaged in foreign or interstate commerce] based on what she does…, not what [the employer] does generally."  Id.

The Panel's Opinion is in direct conflict with the Supreme Court's holding that 1) the transportation worker exemption is based on what the worker does, and not on what the employer does, and 2) the residual clause – like the terms

---

[5]     Of particular relevance in this case is the fact that the term "seamen" was defined by the Supreme Court to include any person "employed or engaged in any capacity on board any ship," see Saxon, 2022 WL 1914099 at *7, which would include - as just one example – a dredging company employee who worked on board a ship.  See generally Kibadeaux v. Standard Dredging Co., 81 F.2d 670 (5th Cir. 1936) (holding that deck hand employed on board ship by dredging company was "seaman" under Merchant Marine Act of 1920).  Thus, the term "seamen" is not limited to only those workers employed by a shipping company that charges customers for the movement of goods or passengers from one port to another.  Because the residual clause must be interpreted consistently with the preceding term "seamen," the Panel's holding that the residual clause is limited to workers whose employer "pegs its charges chiefly to the movement of goods" conflicts with the plain language of the FAA and the holding of Saxon.

14

"seamen" and "railroad employee" that precede it – does not denote an industry-specific designation.

### B. Even without the Benefit of <u>Saxon</u>, the Panel's Decision Created an Intercircuit conflict Requiring *En Banc* Review

As Judge Pooler observed in dissent, prior to the Panel issuing its decision in this case, the "one area of clear common ground" was that truck drivers were the types of workers excluded from the FAA. <u>See</u> <u>Bissonnette v. LePage Bakeries Park St., LLC</u>, 33 F.4th at 662, quoting <u>Kowalewski v. Samandarov</u>, 590 F. Supp. 2d 477, 482-83 (S.D.N.Y. 2008) (collecting cases) and <u>Lenz v. Yellow Transp., Inc.</u>, 431 F.3d 348, 351 (8th Cir. 2005) ("Indisputably, if Lenz were a truck driver, he would be considered a transportation worker under § 1 of the FAA."). The Panel's decision abandoned this "universally recognized principle" and departed from the "FAA's text, this Circuit's cases, and those of our sister circuits." <u>Bissonnette</u>, 33 F.4th at 667. The Panel's holding that one must be employed in a specific industry to be an exempt transportation worker conflicts with the holdings of the Seventh Circuit and the First Circuit. <u>See</u>, <u>e.g.</u>, <u>Kienstra</u>, 702 F.3d at 957 ("[A] trucker is a transportation worker regardless of whether he transports his employer's goods or the goods of a third party[.]"); <u>Saxon v. Sw. Airlines Co.</u>, 993 F.3d 492, 497 (7th Cir. 2021) ("[A] transportation worker need not work for a transportation company[.]"), *aff'd* <u>Saxon</u>, --- S.Ct. ---, No. 21-309, 2022 WL 1914099 (U.S. June

6, 2022); Waithaka v. Amazon.com, Inc., 966 F.3d 10, 23 (1st Cir. 2020), cert. denied, ––– U.S. ––––, 141 S. Ct. 2794 (2021) ("[A] class of workers [need not] be employed by an interstate transportation business or a business of a certain geographic scope to fall within the Section 1 exemption[.]"); Canales v. Lepage Bakeries Park St. LLC, 2022 WL 952130, at *6 (D. Mass. Mar. 30, 2022) (rejecting the argument that "an employer [must] be a transportation company for § 1 to apply").  Accordingly, even prior to the Supreme Court's Saxon decision, the Panel's decision created an intercircuit conflict that would have required *en banc* review.

In sum, for nearly a century, bread companies in the United States have directly employed truck drivers to transport their products from their bakeries to retail outlets so that the products can be sold to the general public.  These drivers have played an integral role in interstate commerce.  Labor unrest among these workers has caused serious disruptions of interstate commerce and everyday life.  See generally Loc. 50, Bakery & Confectionery Workers, Intern Union of Am., AFL v. Gen. Baking Co, 97 F. Supp. 73, 74 (S.D.N.Y. 1951) (describing labor negotiations and strike of Bakery Drivers Union and production stoppage arising therefrom). Moreover, there are thousands of truck drivers in the United States who are directly employed by beverage companies, furniture companies, retailers, food manufacturers, energy companies, and grocery stores.  This is indicative of

16

the fact that the American transportation industry is comprised of some companies that choose to operate as "private carriers" to move their own goods and products in interstate commerce, while other companies hire trucking companies (referred to as "contract carriers") to move their goods for them. Prior to the Panel's decision in this case, no court has ever held that "private carriers" operate outside of the transportation industry or that their employees cannot be transportation workers exempt from the FAA. Such a distinction is not supported by the text of the FAA, it conflicts with the holdings of other Courts of Appeals, and more importantly this type of industry-based approach has been specifically rejected by the Supreme Court in Saxon, which holds that in order to determine whether a worker exempt from the FAA, a court must look to what the worker actually does, as opposed to how the employer purports to characterize its business or account for its revenues. In light of these considerations, the Court should grant rehearing or rehearing *en banc* in this case.

### C. There Were No Facts in the Record Supporting the Panel's Finding Regarding the Nature of Defendants' Business

Finally, even if the Panel's interpretation could somehow stand after Saxon, there were no facts supporting its application here. The Panel held that Plaintiffs were not transportation workers because they did not work in the transportation industry and their employer's "commerce is in breads, buns, rolls, and snack cakes—not transportation services." Bissonnette v. LePage Bakeries Park St.,

LLC, 33 F.4th 650, 656 (2d Cir. 2022).  However, there were no facts in the record regarding each of the Defendant's "predominant sources of revenue" that may have supported such a finding.  For example, Plaintiffs executed their Distributor Agreements with defendant CK Sales Co., LLC, a wholly owned subsidiary of Flowers Foods.  Plaintiffs anticipate that further discovery would reveal that CK Sales does not earn any revenues from the sale of baked goods, and that it primarily generates revenue by designing "distribution territories" and selling the "distribution rights" to perform deliveries within those territories to Distributors like Plaintiffs—that is, it generates revenue through the distribution of goods, not the manufacturing of them.  Given that the Panel announced a new rule and a new interpretation of the FAA that had never previously been used in this Circuit, in the very least Plaintiffs should have been permitted to return to the district court and develop a factual record regarding the sources of Defendants' revenues and the transportation nature of their businesses in order to demonstrate that they are exempt from the FAA.

## CONCLUSION

As set forth above, Plaintiffs-Appellants respectfully suggest that rehearing or rehearing *en banc* is necessary in this matter given that the Panel's Opinion directly conflicts with the Supreme Court's decision and with authoritative decision of other Circuit Courts of Appeals.

**Dated:** June 21, 2022                    Respectfully submitted,


                                             */s/ Harold L. Lichten*
                                            Harold L. Lichten,
                                            Matthew W. Thomson
                                            Zachary L. Rubin
                                            Lichten & Liss-Riordan, P.C.
                                            729 Boylston Street, Suite 2000
                                            Boston, MA 02116
                                            (617) 994-5800
                                            hlichten@llrlaw.com
                                            mthomson@llrlaw.com
                                            zrubin@llrlaw.com

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure 35(b)(2), I hereby certify that this brief contains 3,440 words, excluding the parts of the brief exempted by Rule 32(f) as established by the word count of the computer program used for preparation of this brief.

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6). This brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 14-point size Times New Roman font.

Dated: June 21, 2022     /s/ Harold L. Lichten_____
           Harold L. Lichten, Esq.
           Lichten & Liss-Riordan, P.C.
           729 Boylston Street, Suite 2000
           Boston, MA 02116
           (617) 994-5800
           hlicten@llrlaw.com

           *Attorney for Plaintiffs-Appellants*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 21, 2022, true and correct copies of the foregoing were served on counsel of record for each of the Defendants-Appellees, via the CM/ECF system.

Dated: June 21, 2022

/s/ Harold L. Lichten
Harold L. Lichten, Esq.
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
hlichten@llrlaw.com

*Attorney for Plaintiffs-Appellants*