**JONES DAY**

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number: (212) 326-7830
tlovitt@jonesday.com

July 20, 2022

**BY ECF**

Catherine O'Hagan Wolfe, Clerk of the Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re: Orders on Petition for Rehearing (Dkt. Nos. 159 & 160)
          *Bissonnette et al. v. LePage Bakeries Park St., LLC, et al.*, No. 20-1681

Dear Ms. Wolfe:

      We represent Defendants-Appellees ("Flowers") in the above-captioned case and write in response to the Court's Orders, issued on July 13, 2022, providing that Plaintiffs' "petition [for panel rehearing] is granted," that "[t]he opinion that issued on May 5, 2022 is vacated," and that "[a]n opinion will issue in due course." Dkt. No. 160.

      Federal Rule of Appellate Procedure 40(a)(6) provides that, "[u]nless the court requests, no response to a petition for panel rehearing is permitted." The Court did not request a response to Plaintiffs' rehearing petition. *See* Dkt. No. 156. Accordingly, Flowers has had no opportunity to respond to Plaintiffs' rehearing arguments—including its argument that the Supreme Court's ruling in *Soutwest Airlines Co. v. Saxon*, 142 S. Ct. 1783 (2022), changes the analysis. *See* Dkt. No. 156. Rule 40(a)(6) further provides, however, that "[o]rdinarily rehearing will not be granted in the absence of … a [response] request." Accordingly, Flowers respectfully requests an opportunity to respond to Plaintiffs' petition before any revised opinion is issued.

      As Flowers would explain in such a filing, *Saxon*—which applied § 1 to individuals working *in* the transportation industry—is consistent with this Court's ruling that § 1 does not apply to individuals working *outside* that industry. *See generally* Brief of Defendants-Appellants at 37–41, *Canales v. CK Sales Co., LLC*, No. 22-1268 (1st Cir. July 11, 2022) (explaining that *Saxon* is consistent with this Court's prior ruling with respect to non-transportation industry workers). And even if this Court were to read *Saxon*'s industry-related language more broadly, *Saxon* confirms that this Court's prior ruling should stand on multiple alternative grounds. In particular, *Saxon* confirms that Plaintiffs do not qualify as transportation workers because Plaintiffs are engaged in exclusively intrastate transportation and because Plaintiffs are

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

July 20, 2022
Page 2

independent business owners.  See id. at 18–36 (post-*Saxon* analysis of these issues); *see also* Original Op. at 5 (acknowledging that the "district court's analysis … may very well be a way to decide closer cases").  In the alternative, this Court should simply hold that arbitration is required under state law.  Original Op. at 9–12 (addressing state-law argument).

Respectfully submitted,

*/s/ Traci L. Lovitt*

Traci L. Lovitt

*Counsel for Defendants-Appellees*