# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number: (212) 326-7830
tlovitt@jonesday.com

December 21, 2022

**BY ECF**

Catherine O'Hagan Wolfe, Clerk of the Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re: Response to Plaintiffs' Supplemental Citation to Authority
         *Bissonnette et al. v. LePage Bakeries Park St., LLC, et al.*, No. 20-1681

Dear Ms. O'Hagan Wolfe:

    We write in response to Plaintiffs' Rule 28(j) letter regarding *Immediato v. Postmates, Inc.*, No. 22-1015, 2022 WL 17261123 (1st Cir. 2022), which held that § 1 does not apply to Postmates delivery drivers. *Immediato* did not present—and says nothing about—the "transportation industry" issue the panel addressed in this case. Moreover, the First Circuit's analysis lends further support to Flowers argument (which the panel did not reach) that § 1 does not apply because Plaintiffs work exclusively intrastate.

    First, the delivery drivers in *Immediato* indisputably work in an industry that "pegs its charges chiefly to the movement of goods or passengers" and where the "predominant source of commercial revenue is generated by that movement." *Bissonnette v. LePage Bakeries Park St., LLC*, 49 F.4th 655, 661 (2d Cir. 2022). Accordingly, *Immediato* had no occasion to address the question presented in this case—*i.e.*, whether workers who sell goods, not transportation services, can nevertheless fall under § 1. To the contrary, *Immediato*—like *Southwest Airlines Co. v. Saxon*, 142 S. Ct. 1783 (2022)—simply rejected the proposition that "*everyone* who works in a transportation industry is a transportation worker." *Bissonnette*, 49 F.4th at 661 (emphasis added) (discussing *Saxon*); *Immediato*, 2022 WL 17261123 at *3 (citing *Saxon*). "[T]he distinctions drawn in *Saxon*" and *Immediato* need not even "come into play" here because Plaintiffs do not work in transportation industry. *Id.*

    Second, *Immediato* reinforces Flowers' alternative argument that Plaintiffs are not engaged in *interstate* transportation because they run self-contained, local businesses. *See* Response Br. 34–37. Like *Cunningham*, *Wallace*, and other cases cited by Flowers, *Immediato* distinguished between (1) "last mile drivers" who serve as a "constituent part" of a continuous interstate shipping

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

December 21, 2022
Page 2

operation and (2) workers "who locally transport goods" in connection with "separate intrastate transactions." 2022 WL 17261123 at *3–6. And Plaintiffs, like the Postmates drivers in *Immediato*, clearly fit within the latter category. *See* Response Br. 34–37.

Finally, to the extent Plaintiffs' petition for rehearing is under continued consideration, Flowers would appreciate the opportunity to file a response.

Respectfully submitted,

*/s/ Traci L. Lovitt*

Traci L. Lovitt

*Counsel for Defendants-Appellees*