# NO. 20-1681

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

Neal Bissonnette, Individually and on behalf of all others similarly situated,
Tyler Wojnarowski, Individually and on behalf of all others similarly situated,

*Plaintiffs-Appellants*,

v.

LePage Bakeries Park St., LLC,
C.K. Sales Co., LLC,
Flowers Foods, Inc.,

*Defendants-Appellees*.

On appeal from an order and judgment of the
United States District Court for the District of Connecticut,
Civil Action No. 3:19-cv-00965 (KAD)

**PLAINTIFFS-APPELLANTS' BRIEF REGARDING FURTHER
APPELLATE PROCEEDINGS**

Harold L. Lichten, Esq.
Matthew Thomson, Esq.
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
hlichten@llrlaw.com
mthomson@llrlaw.com
Attorneys for *Plaintiff-Appellants*

**TABLE OF CONTENTS**

I.     INTRODUCTION .........................................................................................4

II.    FACTUAL BACKGROUND ...................................................................7

III.   BASED ON THE <u>ALEKSANIAN</u> STANDARD, PLAINTIFFS ARE
       PART OF A CLASS OF WORKERS ENGAGED IN INTERSTATE
       COMMERCE THAT IS EXEMPT FROM THE FAA ............................9

IV.    RECENT DECISIONS EFFECTIVELY PRECLUDE ANY
       ARGUMENT BY FLOWERS REGARDING THE ISSUE OF
       INTERSTATE COMMERCE .................................................................15

# TABLE OF AUTHORITIES

**Cases**

Aleksanian v Uber, No. 22-98-CV, 2023 WL 7537627 (2d Cir. Nov. 14, 2023)
.................................................................................... passim

Ash v. Flowers Foods, Inc., No. 23-30356, 2024 WL 1329970 (5th Cir. Mar. 28, 2024) .......................................................................... 3, 12, 13, 14

Bissonette v. Lepage Bakeries Park St., LLC, 460 F. Supp. 3d 191 (D. Conn. 2020) .................................................................... 6, 7, 8

Bissonnette v. LePage Bakeries Park St., LLC, 601 U.S. 246 (2024) ................1, 6

C.K. Sales Co., LLC v. Canales, 144 S. Ct. 1391 (2024).......................................2

Canales v. CK Sales Co., LLC, 67 F.4th 38 (1st Cir. 2023)....................... 1, 11, 14

Carmona Mendoza v. Domino's Pizza, LLC, 73 F.4th 1135 (9th Cir. 2023).. 2, 12, 14

Miller v. Amazon.com, Inc., No. 21-36048, 2023 WL 5665771 (9th Cir. Sept. 1, 2023) ............................................................................ 2, 12, 14

Noll v. Flowers Foods, Inc., 442 F. Supp. 3d 345 (D. Me. Jan. 29, 2020) ............................................8, 9

Rehberg v. Flowers Baking Co. of Jamestown, LLC, 162 F. Supp. 3d 490 (W.D.N.C. 2016).........................................................7

Rittmann v. Amazon.com, Inc., 971 F.3d 904 (9th Cir. 2020)..........................2, 14

Ryan Operations v Santiam-Midwest Lumber Co., 81 F. 3rd 355 (3rd Cir. 1995).14

Waithaka v. Amazon.com, Inc., 966 F.3d 10 (1st Cir. 2020)......................... 12, 14

I. INTRODUCTION

On April 12, 2024, the Supreme Court reversed the decision of this Court compelling arbitration and remanded the matter for further proceedings. The Supreme Court stated that it was not addressing the issue of whether the Plaintiff truck drivers were transportation workers, nor whether they were engaged in interstate commerce, leaving those issues to be addressed on remand. See Bissonnette v. LePage Bakeries Park St., LLC, 601 U.S. 246, 256 (2024). Given several recent decisions since the time of this Court's decision in 2022, it is now clear beyond doubt that Plaintiffs are transportation workers engaged in interstate commerce who are exempt from the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* See, e.g., Canales v. CK Sales Co., LLC, 67 F.4th 38 (1st Cir. 2023) (holding that group of drivers in Massachusetts working for these same Defendants were transportation workers engaged in interstate commerce and were exempt from the FAA). However, these more recent decisions demonstrate that to the extent that it is not clear based on the face of Plaintiffs' complaint that they are exempt from the FAA, a remand to the District Court is necessary to address these matters based upon a developed factual record.

First, in Canales v. CK Sales Co., LLC, a virtually identical case involving the same corporate defendants, the First Circuit affirmed the holding that these same drivers were transportation workers exempt from arbitration under Section 1

of the FAA, and in April 2024 the Supreme Court denied the Defendants' petition for *certiorari* in that case. See Id., cert. denied sub nom. C.K. Sales Co., LLC v. Canales, 144 S. Ct. 1391 (2024).   And within the last several months, the Supreme Court also denied *certiorari* in Carmona Mendoza v. Domino's Pizza, LLC, 73 F.4th 1135 (9th Cir. 2023), cert. denied sub nom. Domino's Pizza, LLC v. Carmona, 144 S. Ct. 1391 (2024) and Miller v. Amazon.com, Inc., No. 21-36048, 2023 WL 5665771 (9th Cir. Sept. 1, 2023), cert. denied, 144 S. Ct. 1402 (2024), two cases reaffirming that drivers who exclusively transport goods within a state are engaged in interstate commerce, so long as the goods they transport are coming from outside the state.[1]

Second, after the Court issued its decision in 2022, this Court has now squarely addressed the standard applicable to a motion to compel arbitration in Aleksanian v Uber, No. 22-98-CV, 2023 WL 7537627 (2d Cir. Nov. 14, 2023). This Court specifically held that where the complaint, on its face, did not permit a determination of whether the plaintiffs were transportation workers engaged in interstate commerce, the proper course of action was to permit factual development of this issue at the district court. See Aleksanian, 2023 WL 7537627, at *3.[2]

---

[1]    The Carmona and Miller decisions closely followed the Ninth Circuit's prior decision in Rittmann v. Amazon.com, Inc., 971 F.3d 904 (9th Cir. 2020).

[2]    In fact, the panel held that it was improper to decide these issues based on a consideration of Defendant's attached affidavits without permitting plaintiffs to

Third, the Fifth Circuit recently issued a decision affirming an argument made by these same Defendants that its delivery drivers performing the identical work as Plaintiffs are engaged in interstate commerce because, just like in this case, they were delivering goods made out-of-state, thereby allowing it to take advantage of the Federal Motor Carrier's Act exemption for overtime under the Fair Labor Standards Act. See Ash v. Flowers Foods, Inc., No. 23-30356, 2024 WL 1329970, at *4 (5th Cir. Mar. 28, 2024).[3] Principles of judicial estoppel preclude Flowers from taking the opposite position here and arguing that the Plaintiffs are not engaged in interstate commerce.

In light of these recent decisions, Plaintiffs submit that this Court should conclude that the Plaintiffs – who drove a commercial truck full-time delivering baked goods that were manufactured out-of-state – are exempt from the Federal Arbitration Act. And to the extent this is not apparent based on the Complaint, this

_____

conduct discovery, as was done in this case. See Aleksanian v. Uber Techs. Inc., No. 22-98-CV, 2023 WL 7537627, at *3 (2d Cir. Nov. 14, 2023) ("our consideration of [defendant's affidavits], without allowing the Drivers to conduct discovery, would be improper").

[3]      In Ash, these same Defendants argued that "The Distributors' leg of the journey from a Louisiana warehouse to the Louisiana customer was part and parcel of the baked goods' interstate transportation from the out-of-state bakeries to the Louisiana customers." Brief of Appellees, Ash v. Flowers Foods Inc., No. 23-30356 (5th Cir.), ECF No. 45 at 12.

Court should remand this matter to the District Court for discovery and a determination of these issues on a full factual record. Although Flowers will claim that the District Court found that plaintiffs were not "transportation workers" because they performed other duties as well, that decision pre-dated <u>Saxon,</u> which rejected that very argument, and in any event that holding was based on a Declaration submitted by Defendants without any discovery, which cannot stand pursuant to <u>Aleksanian v Uber</u>. Moreover, that same argument has already been flatly rejected by the First Circuit in <u>Canales</u>.

II.     FACTUAL BACKGROUND

Plaintiffs are commercial truck drivers who worked full-time transporting breads and bakery products from their manufacturer to supermarkets and other retail stores for Defendants Lepage Bakeries, Flowers Foods, and CK Sales. They all signed a so-called "Distributor" Agreement in order to work. As stated in the Complaint, Distributors such as Plaintiffs "work at least forty hours per week delivering [] baked goods for defendants…." JA17 at ¶ 33. Specifically, the Plaintiffs operate DOT-registered trucks to pick-up bakery products "that have been delivered from one of Defendants' commercial bakery locations, and then transport those goods within the flow of interstate commerce by delivering them to various supermarkets and retail locations." JA15 at ¶ 18.  Plaintiffs pick-up and load those products at the Defendants' warehouse in Waterbury, Connecticut

approximately five days per week, and perform their deliveries within a territory designated by Defendants and at retail locations that Defendants frequently visit to review Plaintiffs' job performance. JA17 at ¶ 30.

In their Answer to the Amended Complaint, Defendants admit that Plaintiffs "delivered baked goods to customers in Connecticut," JA25 at ¶ 3, and that Defendant CK Sales contracts with distributors in Connecticut (such as Plaintiffs) who distribute certain baked goods to customers, including various stores and retail locations, from warehouses where Distributors pick-up the product. JA27 at ¶ 18. Defendants also stated that Plaintiffs are exempt from the overtime protections of the FLSA because "Plaintiffs and those individuals Plaintiffs seek to represent drive or drove vehicles … subject to transporting certain goods originating out-of-state, and because there is a practical continuity of movement of these goods until they reach retail customers and other customers." JA36, Tenth Defense. As to the allegations in Plaintiffs' complaint detailing the number of hours and days Plaintiffs spend delivering Defendants' products, Defendants responded by saying they "are without knowledge" as to the truth of those matters. JA29 at ¶¶ 32-33.

Defendants submitted a single Declaration in support of their Motion to Compel Arbitration that briefly describes the relationship between Flowers Foods and its two subsidiaries. JA78 at ¶¶ 1-2. The Declaration states that Defendants use a "direct-store-delivery" model whereby they contract with so-called

independent contractor distributors (such as Plaintiffs) to distribute bakery products to customers in a defined territory. JA78 at ¶ 3. In a single paragraph, the Declaration contains a list of the alleged job duties of Plaintiffs and other distributors, but does not address at all whether Plaintiffs ever performed those duties and, if so, how many hours Plaintiffs spent performing those alleged duties as opposed to operating commercial motor vehicles to deliver baked goods to their assigned stores. See JA79-80 at ¶ 8. In sum, even if this Declaration were considered, as the late Judge Pooler noted in her Dissent to the Panel's prior decision, "the defendants offer no evidence to counter the complaint's allegations that the actual delivery of product constituted the lion's share of the plaintiffs' work." Bissonnette v. LePage Bakeries Park St., LLC, 49 F.4th 655, 670 n.1 (2d Cir. 2022) (Pooler, J., dissenting).

III.   BASED ON THE ALEKSANIAN STANDARD, PLAINTIFFS ARE PART OF A CLASS OF WORKERS ENGAGED IN INTERSTATE COMMERCE THAT IS EXEMPT FROM THE FAA

The District Court never addressed whether the plaintiffs here were engaged in interstate commerce, although it did purport to hold that they were not transportation workers, because they also engaged in sales activity and were "more akin to a sales worker." See Bissonette v. Lepage Bakeries Park St., LLC, 460 F. Supp. 3d 191, 200 (D. Conn. 2020). But the District Court reached this conclusion

without allowing discovery, and instead based its conclusion on a single Declaration submitted by Defendants in support of their motion to compel arbitration. See Bissonette v. Lepage Bakeries Park St., LLC, 460 F. Supp. 3d 191, 199 (D. Conn. 2020) (discussing Declaration of Defendants' "Distributor Enablement Operations Coordinator").

Plaintiffs vigorously disputed the assertions in this Declaration regarding Plaintiffs' alleged "sales" activities.[4] Recognizing this dispute, the District Court held that "[e]ven allowing that Plaintiffs spend the majority of their working hours delivering products," they were not akin to railroad workers and seamen and were therefore covered by the FAA. Bissonette v. Lepage Bakeries Park St., LLC, 460 F. Supp. 3d at 201. However, the Supreme Court has since rejected this view and made clear that a worker who "frequently" performs work transporting goods in interstate commerce is part of an exempt class of workers engaged in foreign or interstate commerce, even if she performs other tasks (such as supervising other workers) that may not constitute engagement in interstate commerce. See Sw. Airlines Co. v. Saxon, 596 U.S. 450, 456-59 (2022). Thus, "[l]ike [the plaintiff in]

---

[4]    Other Courts have observed that there is no evidence that Defendants' "distributors" perform any substantial sales function. See Flowers Baking Co. of Jamestown, LLC, 162 F. Supp. 3d 490, 501-03 (W.D.N.C. 2016) (denying motion for summary judgment regarding "outside sales" overtime exemption and concluding that "there is scant evidence" that sales are the distributors' primary function).

<u>Saxon</u>, the plaintiff truckers handle goods traveling in interstate commerce every day. If Saxon is intimately involved with the transportation of those goods, the truckers here are, too." <u>See</u> <u>Bissonnette v. LePage Bakeries Park St., LLC</u>, 49 F.4th at 669 (Pooler, J., dissenting).

Indeed, Plaintiffs' Complaint plainly shows that delivering bread in their DOT-registered trucks was their primary duty, one which was carried out at least five days a week, for many hours each day, far more than the "frequent" loading and unloading at issue in <u>Saxon</u>. Based on similar facts, the First Circuit affirmed a District Court's holding that this same class of Flowers Foods delivery drivers were "transportation workers." See <u>Canales v. CK Sales Co., LLC</u>, 67 F.4th at 45 (relying on <u>Saxon</u> and reasoning that "[w]orkers who frequently perform transportation work do not have their transportation-worker status revoked merely because they also have other responsibilities"), <u>cert. denied sub nom.</u> <u>C.K. Sales Co., LLC v. Canales</u>, 144 S. Ct. 1391 (2024). In similar cases brought by these same drivers who work for Defendants, it has been demonstrated that the drivers' so-called "sales" function was an illusion, circumscribed by the fact that more than 90% of their "sales" were to large retail chains, with whom Flowers transacted directly. <u>See</u> <u>Noll v. Flowers Foods, Inc.</u>, 442 F. Supp. 3d 345, 352 (D. Me. Jan. 29, 2020) (holding that these same drivers did not conclusively perform any "sales" work because "[a]pproximately 95% of total sales are generated by large

chain accounts…, which accounts acquire products on a credit basis through separate agreements with Defendants", and that Defendants have "primary responsibility for setting the terms for pricing, products, and volumes, as well as setting delivery expectations and customer requirements for these large accounts").

On Appeal, this Court never addressed whether Plaintiffs were part of a class of workers engaged in interstate commerce, as opposed to a class of workers who were "business owners" with alleged sales responsibilities. However, since the time of the Court's prior decision, the Court has clarified the proper procedural course to address whether the Section 1 exemption applies, implicitly rejecting the District Court's approach. In Aleksanian v Uber, this Court was confronted by a similar procedural posture. The district court granted a motion to compel arbitration for a class of Uber drivers, who had asserted that they were exempt under Section 1 of the FAA as interstate transportation workers, holding that it could make this determination based on the complaint itself. Aleksanian v Uber, 2023 WL 7537627, at *2. The Court of Appeals reversed, holding:

> Ordinarily courts deciding motions to compel arbitration apply a standard similar to that applicable for a motion for summary judgment…. However, where the issue of whether the residual clause of § 1 of the FAA applies arises in a motion to compel arbitration, the motion to dismiss standard applies if the complaint and incorporated documents provide a sufficient factual basis for deciding the issue.
>
> If the complaint and incorporated documents fail to provide an adequate basis for deciding whether Section 1 of the FAA applies, the parties should be entitled to discovery on the question of arbitrability

> before a court entertains further briefing, with an application of the summary judgment standard to follow.

Aleksanian, 2023 WL 7537627, at *2 (internal quotation marks and citations omitted).

In Aleksanian, the defendant argued (as is the case here) that the District Court properly relied on affidavits it had submitted in granting the motion to compel. But this Court held that because "the affidavits are neither incorporated into nor integral to the Complaint… the Court does not look beyond the allegations in the Complaint and exhibits attached thereto by Plaintiff." Aleksanian, No. 22-98-CV, 2023 WL 7537627, at *3.[5]

Accordingly, the Court remanded the matter to the District Court with the direction that it allow discovery before ruling on the FAA exemption question. Id. at *4. Here, the facts in the Complaint plainly stated that Plaintiffs "work at least forty hours per week delivering [] baked goods for Defendants," which consists of driving vehicles to grocery stores and delivering Defendants' products to these

---

[5] This court also relied on the decision in Lismore v. Societe Generale Energy Corp. for the proposition that the facts in a complaint should be taken as true for the purposes of a motion to compel arbitration. See Aleksanian, 2023 WL 7537627, at *2, citing Lismore, 2012 WL 3577833, at *1 (S.D.N.Y. Aug. 17, 2012) ("[W]hen a court considers the motion to compel before discovery has taken place, and in the context of a motion to dismiss, it treats the allegations in plaintiffs' complaint as true.").

stores.  JA0015-0018 at ¶¶ 18, 30-34.[6] The court should not look beyond those allegations in deciding a motion to compel arbitration before discovery has taken place.  See <u>Aleksanian</u>, 2023 WL 7537627, at *2. But if the facts in the Complaint do not support a determination one way or the other, factual discovery must be permitted. <u>Id.</u>

In sum, in light of the holdings in <u>Canales</u> and <u>Saxon</u> that a worker is exempt from the FAA so long as she is engaged in transportation work "on a frequent basis," even if it is not her only work, the District Court's decision here must be reversed and the Court should hold that Plaintiffs are among a class of workers engaged in interstate commerce.  See <u>Sw. Airlines Co. v. Saxon</u>, 596 U.S. at 456-59; <u>Canales v. CK Sales Co., LLC</u>, 67 F.4th at 45.  Admittedly, the District Court did not have the benefit of <u>Saxon</u>, <u>Canales</u>, or <u>Aleksanian,</u> when purporting to decide the applicability of the Section 1 exemption in this case.  Therefore, if there is any doubt regarding the extent of Plaintiffs' transportation responsibilities in the current record, a remand is the appropriate course of action.

---

[6]     Plaintiffs' Complaint stated: "Plaintiffs and other distributors pick-up products at a warehouse that have been delivered from one of Defendants' commercial bakery locations, and then transport those goods within the flow of interstate commerce by delivering them to various stores and retail locations." JA0015.

IV.    RECENT DECISIONS EFFECTIVELY PRECLUDE ANY
       ARGUMENT BY FLOWERS REGARDING THE ISSUE OF
       INTERSTATE COMMERCE

Following the Supreme Court's decision in <u>Southwest Airlines v. Saxon</u>, no

court has found that a worker's *intrastate* transportation of goods on an interstate

journey precludes applicability of Section 1`s exemption. The First Circuit in

<u>Waithaka v. Amazon.com, Inc.</u>, 966 F.3d 10 (1st Cir. 2020), along with the Ninth

Circuit in <u>Carmona Mendoza v. Domino's Pizza, LLC</u>, 73 F.4th 1135 (9th Cir.

2023) and <u>Miller v. Amazon.com, Inc.</u>, No. 21-36048, 2023 WL 5665771 (9th Cir.

Sept. 1, 2023),[7] all hold that as long as the goods being shipped begin their journey

out-of-state, and are then transported intrastate to their intended final destination,

the driver performing the last leg of the delivery route is exempt from the FAA.

The Complaint here, along with Flowers's Answer, is enough to settle the

issue,[8] but even if further evidence is required, Flowers has provided that evidence

in <u>Ash v. Flowers Foods, Inc.</u>, No. 23-30356, 2024 WL 1329970 (5th Cir. Mar. 28,

2024).  Based upon the nearly identical facts as this case, Flowers argued, and both

---

[7]    The respective defendants' petitions for *certiorari* were recently denied in
both of these cases.

[8]    In its Answer in this case, Flowers stated: "Plaintiffs and those individuals
Plaintiffs seek to represent drive or drove vehicles … subject to transporting
certain goods originating out-of-state, and [] there is a practical continuity of
movement of these goods until they reach retail customers and other customers."
JA36, Tenth Defense.

the district court and Fifth Circuit agreed, that the plaintiff-drivers who performed

identical work to Plaintiff Bissonnette were engaged in interstate commerce

because they transported goods that were on the final leg of a continuous interstate

journey.[9] The court relied upon Flowers's demonstration that:

> Plaintiffs ordered products based on sales history and projections for particular stores. The bread products were baked accordingly, before being shipped into Louisiana. Within hours of the products' arrival at the warehouses in Louisiana, they were picked up by Plaintiffs and transported to the customers…. It is clear that Flowers had the intention, when it shipped the specially-ordered products from its out-of-state facilities, that the products would reach Louisiana customers.

Id. at *2 (internal quotation and citations omitted). Although the products briefly

came to rest at Flowers's warehouse, the warehouses served "only as temporary

storage to permit orderly and convenient transfer of goods in the course of what the

shipper intends to be a continuous movement to destination, the continuity of the

movement is not broken at the warehouse." Id. at *3.

Thus, in Ash, these same Defendants had successfully argued that "[t]he

Distributors' leg of the journey from a Louisiana warehouse to the Louisiana

---

[9] The plaintiffs had argued that the FLSA's Motor Carrier Act overtime exemption for drivers in interstate commerce did not apply because plaintiffs were only engaged in *intrastate* commerce since they only delivered products within the state of Louisiana, going from a Flowers warehouse to retail stores within a designated geographical area. Ash v. Flowers Foods, Inc., 2024 WL 1329970, at *2 ("[Plaintiffs] contend that they only engaged in *intrastate* transportation, putting them outside of the MCA's purview.").

customer was part and parcel of the baked goods' interstate transportation from the out-of-state bakeries to the Louisiana customers." Brief of Appellees, <u>Ash v. Flowers Foods Inc.</u>, No. 23-30356 (5th Cir.), ECF No. 45 at 12. The identical facts are present here, and the same result should apply. Flowers cannot be allowed to claim that its drivers are engaged in interstate commerce when it suits them, and then change course one-hundred-eighty degrees and argue the opposite before this Court. Judicial estoppel principles likely bar Flowers from arguing here that the Plaintiffs are not engaged in interstate commerce. <u>See</u> <u>Ryan Operations v Santiam-Midwest Lumber Co.</u>, 81 F. 3rd 355, 360-361 (3rd Cir. 1995).

Moreover, the Supreme Court recently denied *certiorari* in two closely watched cases that raised this same issue and also found drivers to be in interstate commerce. See <u>Carmona Mendoza v. Domino's Pizza, LLC</u>, 73 F.4th 1135 (9th Cir. 2023), <u>cert. denied sub nom.</u> <u>Domino's Pizza, LLC v. Carmona</u>, 144 S. Ct. 1391 (2024) and <u>Miller v. Amazon.com, Inc.</u>, No. 21-36048, 2023 WL 5665771 (9th Cir. Sept. 1, 2023), <u>cert. denied,</u> 144 S. Ct. 1402 (2024). And both of those cases closely tracked and followed the holdings of <u>Waithaka v. Amazon.com, Inc.</u>, 966 F.3d 10 (1st Cir. 2020) and <u>Rittmann v. Amazon.com, Inc.</u>, 971 F.3d 904 (9th Cir. 2020). To the extent that <u>Canales</u> and <u>Ash</u> are not completely dispositive on this issue and there remains a dispute about whether the goods at issue here (bread and baked goods) remained in the flow of interstate commerce when Plaintiffs

delivered them to supermarkets, a remand is necessary to develop that factual issue. It would be rather insidious for Flowers to claim now that its Connecticut distributors are not engaged in interstate commerce, but in neighboring Massachusetts and farther south in Louisiana, these same distributors have already been adjudicated to be transporting goods in interstate commerce.

**Dated:** June 24, 2024                    Respectfully submitted,

                                     _/s/ Harold L. Lichten_
                                     Harold L. Lichten,
                                     Matthew W. Thomson
                                     Lichten & Liss-Riordan, P.C.
                                     729 Boylston Street, Suite 2000
                                     Boston, MA 02116
                                     (617) 994-5800
                                     hlichten@llrlaw.com
                                     mthomson@llrlaw.com

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure 32(a)(7)(B), and 29(d), I hereby certify that this brief contains 3,531 words, excluding the parts of the brief exempted by Rule 32(a)(7)(B)(iii), as established by the word count of the computer program used for preparation of this brief.

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6). This brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 14-point size Times New Roman font.

Dated: June 24, 2024

/s/ Harold L. Lichten_____
Harold L. Lichten, Esq.
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
hlicten@llrlaw.com

*Attorney for Plaintiff-Appellants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 27, 2024, true and correct copies of the

foregoing were served on counsel of record for each of the Defendants-Appellees,

via the CM/ECF system.


Dated: June 27, 2024          /s/ Harold L. Lichten_____
                              Harold L. Lichten, Esq.
                              Lichten & Liss-Riordan, P.C.
                              729 Boylston Street, Suite 2000
                              Boston, MA 02116
                              (617) 994-5800
                              hlichten@llrlaw.com

                              *Attorney for Plaintiffs-Appellants*